UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22629-RAR

MANUEL JESUS ALONSO,

    Plaintiff,

vs.

SUNBELT RENTALS, INC.

    Defendant.

_____

**DEFENDANT'S ANSWER AND STATEMENT
OF DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Sunbelt Rentals, Inc. ("Defendant"), by and through undersigned counsel, hereby files its Answer and Statement of Defenses to Plaintiff Manuel Jesus Alonso's ("Plaintiff") Amended Complaint as follows:

1. Defendant is without sufficient information of Plaintiff's current county of residence and therefore denies the allegation in Paragraph 1 of the Amended Complaint.

2. Defendant admits it transacts business in Miami-Dade County. The remaining allegations in Paragraph 2 of the Amended Complaint call for a legal conclusion to which no response is required.

3. The allegations in Paragraph 3 of the Amended Complaint dealing with venue call for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits for venue in the Southern District of Florida only. Defendant denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4.	The allegations in Paragraph 4 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

## Background Facts

5.	Defendant admits the allegations in Paragraph 5 of the Amended Complaint.

6.	Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

7.	Defendant admits the allegations in Paragraph 7 of the Amended Complaint.

8.	Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

9.	Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10.	Defendant  denies the  allegations in Paragraph 10 of the Amended Complaint.

11.	The allegations in Paragraph 11 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that Section 440.185 speaks for itself and denies any allegations inconsistent therewith.

12.	Defendant states that Section 440.185 speaks for itself and denies any allegations inconsistent therewith.

13.	Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14.	Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15.	The allegations in Paragraph 15 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

## COUNT I – RETALIATION IN VIOLATION(S) OF FLA. STAT. § 448.105

**Defendant did not remove Count I to federal court, and therefore no response is required.[1]**

## COUNT II – INTERFERENCE WITH FMLA RIGHTS

Defendant realleges its responses to Paragraphs 1 through 15 of the Amended Complaint, as if fully stated herein.

24. The allegations in Paragraph 24 are a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

25. Defendant admits that Plaintiff told Defendant that he suffered a workplace injury on June 3, 2022, but denies the remaining allegations in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31. Defendant admits only that it terminated Plaintiff on or about June 23, 2022. Defendant denies the remaining allegations in Paragraph 31 of the Amended Complaint.

32. Defendant admits that Plaintiff has retained counsel but is without knowledge sufficient to form a belief as to the remaining allegations in Paragraph 32 of the Amended Complaint and therefore denies those allegations.

33. Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

---

[1] Workers' compensation retaliation claims are not subject to removal in accordance with 28 U.S.C. § 1445. Accordingly, this claim remains pending in state court and Defendant has appropriately responded to it as part of those state court proceedings.

In response to the unnumbered WHEREFORE clause following Paragraph 33 of the Amended Complaint, Defendant denies that Plaintiff is entitled to any damages or relief.

## COUNT III – UNLAWFUL FMLA RETALIATION

Defendant realleges its responses to Paragraphs 1 through 15 of the Amended Complaint, as if fully stated herein.

34. The allegations in Paragraph 34 are a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

35. Defendant admits that Plaintiff told Defendant that he suffered a workplace injury on June 3, 2022, but denies the remaining allegations in Paragraph 35 of the Amended Complaint.

36. Defendant admits that it terminated Plaintiff on or about June 23, 2022 but denies the remaining allegations in Paragraph 36 of the Amended Complaint.

37. Defendant admits that Plaintiff has retained counsel but is without knowledge sufficient to form a belief as to the remaining allegations in Paragraph 37 of the Amended Complaint and therefore denies those allegations.

38. Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 38 of the Amended Complaint, Defendant denies that Plaintiff is entitled to any damages or relief.

## JURY DEMAND

Defendant admits Plaintiff seeks trial by jury but denies that any triable issues exist. Defendant specifically objects and does not consent to Plaintiffs' demand for a jury trial of issues not triable as a matter of right to a jury, including Plaintiff's claims, if any, for back pay, front pay, and/or any other equitable relief.

## STATEMENT OF DEFENSES

1. Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff fails to state claims upon which relief may be granted.

2. Plaintiff's claims may be barred, in whole or in part, to the extent that he failed to satisfy jurisdictional prerequisites and other conditions precedent to bringing suit.

3. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to take reasonable steps to mitigate his damages.

4. To the extent Defendant determines or discovers information that would have led to the termination of Plaintiff's employment if known earlier, then his claims for relief are barred and/or potential damages should be reduced pursuant to the after-acquired evidence doctrine.

5. All actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof, were based upon legitimate non-retaliatory business reasons and were taken without regard to any protected action.

6. To the extent Plaintiff seeks punitive damages, such relief is barred because punitive damages are not an available remedy under the FMLA.

7. To the extent Plaintiff seeks liquidated damages, such relief is barred because Defendant did not act willfully.

8. Plaintiff's claims are barred, in whole or in part, to the extent that, if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused him harm, any such actions were committed outside the scope or course of the employee's employment and without Defendant's consent, knowledge or ratification.

9. Plaintiff's claims are barred on the grounds that, even if any decision concerning Plaintiff was based, in part, on retaliatory grounds (which none was), Defendant would have reached the same decision absent any alleged improper motive.

10. Defendant is entitled to a setoff against any damages awarded against it to the extent that Plaintiff received any wages, compensation, pay, benefits, earnings, remunerations, or profits, regardless of form, from another source, during the period that Plaintiff alleges he was entitled to employment with Defendant.

11. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

12. Plaintiff's claims are barred because he did not meet the qualification criteria and did not request leave or otherwise provide information sufficient for the employer to know that such leave might be needed.

13. Any recovery on Plaintiff's claims is barred because there is no causal link between any protected activity or characteristic and any purported adverse employment action.

14. Plaintiff is not entitled to any relief for alleged FMLA interference because even if Defendant failed to provide Notice of Rights and Responsibilities (which it did not), Plaintiff did not suffer any damages.

15. Plaintiff's claims for damages and other relief are subject to all constitutional limitations on damages.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that Defendant intends to rely on such other affirmative defenses and defenses as might become available or apparent during discovery, and thus,

Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses and Defenses.

WHEREFORE, Defendant, Sunbelt Rentals, Inc., respectfully requests that this Court: (a) dismiss Plaintiff's Amended Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

DATED: July 21, 2023.                                   Respectfully submitted,

By: /s/ *Rocio Blanco Garcia*
       Rocio Blanco Garcia, Esq.
       Florida Bar No. 099304
       E-Mail: rblancogarcia@littler.com
       Ryan P. Forrest, Esq.
       Florida Bar No. 111487
       E-mail: rforrest@littler.com
       LITTLER MENDELSON, P.C.
       Wells Fargo Center
       333 SE 2nd Avenue, Suite 2700
       Miami, FL  33131
       Telephone: (305) 400-7500
       Facsimile: (305) 603-2552

*COUNSEL FOR DEFENDANT*