UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22629-RAR

MANUEL JESUS ALONSO,

    *Plaintiff,*

vs.

SUNBELT RENTALS, INC.,

    *Defendant.*

_____/

## JOINT CONFERENCE REPORT

Plaintiff, MANUEL JESUS ALONSO, and Defendant, SUNBELT RENTALS, INC., pursuant to Southern District of Florida Local Rule 16.1(b) and this Court's Order Requiring Joint Scheduling Report and Certificates of Interested Parties, [ECF No. 5], submit the following Joint Conference Report. A Proposed Scheduling Order is attached as <u>Exhibit 1</u>.

**I.   CASE MANAGEMENT TRACK**

The Parties recommend that this case be placed on the Standard Case Management Track, as defined in Local Rule 16.1(a)(2)(B).

**II.   LOCAL RULE 16.1(b)(2) SCHEDULING CONFERENCE REPORT**

    **A.   Likelihood of settlement:**

At this early stage, the Parties are unable to estimate the likelihood of settlement regarding this matter. The Parties agree to explore the possibility of settlement at appropriate times during the litigation.

    **B.   Likelihood of appearance in the action of additional parties:**

None at this time.

    **C.**    **Proposed limits on time:**

Please see <u>Exhibit 1</u> to this report.

    **D.**    **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims and defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties will work in good faith to attempt to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery. Defendant anticipates the possibility of filing a motion for summary judgment after the close of discovery.

    **E.**    **Amendments to pleadings:**

Currently, the Parties do not anticipate amending the pleadings. The Parties will continue to assess the need to amend the pleadings as litigation proceeds.

    **F.**    **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding the authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on the admissibility of evidence:**

The Parties will work together to streamline the issues before this Court, obtain appropriate admissions and stipulations, and seek advance rulings from the Court regarding the admissibility of evidence.

    **G.**    **Avoidance of unnecessary proof and of cumulative evidence:**

The Parties will seek to stipulate prior to the close of discovery to any facts or the authentication of documents that may simplify the case for trial.

**H.     Referral of Magistrate:**

The Parties agree to refer all discovery disputes to the Magistrate Judge in this matter. The Parties do not consent to trial, or to the disposition of dispositive pretrial motions by the Magistrate Judge.

**I.     Estimated time for trial:**

The Parties estimate that the trial will take four (4) days.

**J.     Dates for conferences before trial, final pretrial conference, and trial:**

Please see Exhibit 1

**K.     Any issues about:**

   i.   **disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The Parties affirm that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise. Each party is likely to request or produce information from electronic or computer-based media. The Parties agree to produce documents in a reasonably usable form or forms as required under FRCP 34(b)(2)(E)(ii).

   ii.  **claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Parties expect to negotiate and enter into an agreement providing for the protection against re-disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production. The Parties intend to enter into a mutually agreeable confidentiality agreement governing the treatment and disclosure of proprietary and confidential information.

    **L.**    **Other Helpful Information**:

None at this time.

**III.**    **RULE 26(f) DISCOVERY PLAN**

    **A.**    **Proposals as to what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) will be made.**

The Parties do not propose any changes as to the requirement to the form of disclosures under Fed. R. Civ. P. 26(a)(1).

    **B.**    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The Parties anticipate that discovery will be conducted on issues relevant to the claims and defenses raised in this action, as well as for impeachment and other issues related to this case. The Parties do not believe discovery needs to be conducted in phases or limited to or focused upon particular issues.

    **C.**    **Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties agree that they may request or produce information from electronic or computer-based media. The Parties agree to produce documents in a reasonably usable form or forms as required under FRCP 34(b)(2)(E)(ii).

    **D.**    **Issues about claims of privilege or protection as trial-preparation materials, including whether to ask the Court to include their agreement in an order.**

The Parties expect to negotiate and enter into an agreement providing for the protection against re-disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production. The Parties

intend to enter into a mutually agreeable confidentiality agreement governing the treatment and disclosure of proprietary and confidential information.

    **E.**    **Changes in the limitations on discovery imposed under the Federal or Local Rules, and other limitations to be imposed.**

The Parties do not propose any changes to the limitations on discovery imposed by the Federal or Local Rules.

    **F.**    **Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

**Dated:** this 7th day of August 2023.

Respectfully submitted,

By: /s/ *Glenn R. Goldstein*
Glenn R. Goldstein, Esq.
Florida Bar No. 55873
Email: *GGoldstein@G2Legal.net*
GLENN R. GOLDSTEIN
 & ASSOCIATES, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
Telephone: (305) 900-2373

Lauren N. Wassenberg, Esq.
Florida Bar No. 34083
Email: *WassenbergL@gmail.com*
LAUREN N. WASSENBERG
 & ASSOCIATES, P.A.
33 SW 4th Street, Suite 100
Boca Raton, Florida 33432
Telephone: (561) 571-0646

*COUNSEL FOR PLAINTIFF*

By: /s/ *Rocio Blanco Garcia*
Rocio Blanco Garcia, Esq.
Florida Bar No. 099304
E-Mail: *rblancogarcia@littler.com*
Ryan P. Forrest, Esq.
Florida Bar No. 111487
E-mail: *rforrest@littler.com*
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*COUNSEL FOR DEFENDANT*

4884-3947-5272.1 / 071336-1017