UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22629-RUIZ/BECERRA

MANUEL JESUS ALONSO,

     Plaintiff,

vs.

SUNBELT RENTALS, INC.,

     Defendants.

_____/

**PLAINTIFF'S RESPONSES TO**
**DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

     Plaintiff, Manuel Jesus Alonso, responds to the Requests for Production served on him by the Defendant, Sunbelt Rentals, Inc., as follow:

     1.    Each document identified and/or referenced in your response to any interrogatories contained in Defendant's First Set of Interrogatories Directed to Plaintiff.

     **Answer: Attached.**

     2.    All Documents reviewed, referred to, or relied upon in connection with the preparation of your answers to Defendant's First Set of Interrogatories Directed to Plaintiff.

     **Answer: Attached.**

     3.    All Documents identified or referred to in the Amended Complaint.1

     **Answer: None.**

     4.    All documents that memorialize, reflect, refer to or relate to conversations, meetings, or communications of any sort by and between Plaintiff (or anyone acting on Plaintiff's behalf) and any current or former director, officer, agent or employee of Defendant regarding this

lawsuit (or potential lawsuit), the filing of an administrative charge (or potential charge), or the filing of a lawsuit against Defendant.

**Answer: Plaintiff objects to this Requests as overly broad and not sufficiently limited in time or scope. Without waiver of objections, none other than those produced herewith.**

5.    All documents that memorialize, reflect, refer to or relate to conversations, meetings or communications of any sort by and between Plaintiff (or anyone acting on Plaintiff's behalf) and any current or former director, officer, agent or employee of Defendant referring or relating in any way to Defendant, your employment with Defendant, or the subject matter of this lawsuit.

**Answer: Plaintiff objects to this Requests as overly broad and not sufficiently limited in time or scope. Without waiver of objections, none other than those produced herewith.**

6.    For each social media and/or social networking account maintained by you since January 1, 2016, produce any and all account data, including but not limited to postings, messages, photographs, and/or videos for the period of June 1, 2022 to the present concerning

24.    the allegations in the Amended Complaint,

---

1 For clarity, the Amended Complaint refers only to the FMLA claims pending in the S.D. of Florida.

25.     Defendant or its agents, directors, officers, or employees,

26.     your claim for damages, and/or

27.     your emotional state.

**Answer: None**

7.      All documents made or maintained by Plaintiff (including, by way of example, diaries, journals, calendars, appointment books, notes, tape recordings, text messages, social media postings) which reflect, relate to or refer to the allegations in the Amended Complaint.

**Answer: Plaintiff objects to this Requests as overly broad and not sufficiently limited in time or scope. Without waiver of objections, none.**

8.      All documents referring or relating in any way to Plaintiff's claim for damages as demanded in the Amended Complaint.

**Answer: Attached.**

9.      All documents referring or relating in any way to Plaintiff's allegations in the Amended Complaint.

**Answer: Plaintiff objects to this Requests as overly broad and not sufficiently limited in time or scope. Without waiver of objections, none other than those provided herewith.**

10.     All documents referring or relating in any way to Plaintiff's efforts, if any, to gain other employment and/or income following June 26, 2023 including, without limitation, applications, resumes, letters, emails, and/or online job searches.

**Answer: Attached.**

3

11.     All documents referring or relating in any way to Plaintiff's self-employment or work performed as an independent contractor after June 26, 2023, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

**Answer: None.**

12.     All documents which refer to, relate to or concern monies or benefits received by Plaintiff from any employer(s), business(es), the government or other sources of income at any time from June 26, 2023 to the present.

**Answer: Attached.**

13.     All documents which mention, discuss, describe, relate to, refer to or embody any business or financial interest Plaintiff possesses or has possessed in any business, firm, company

or enterprise since June 26, 2023 to the present.

**Answer: None.**

14.     All documents that support, refer, or relate to your allegations that you requested or applied, or attempted to request or to apply, for leave under the Family Medical Leave Act.

**Answer: None; Defendant knew about my need for leave but did not inform me of my rights.**

15.     All documents that support, refer, or relate to your allegations that you were qualified for leave under the Family Medical Leave Act.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**Answer: Please refer to my employment history documents in Defendant's possession, custody, or control reflecting that I worked for enough time and enough hours, and that the Defendant knew about my need for time off for my medical treatment/condition.**

16.     All documents that support, refer, or relate to any documents you received from the Defendant after you requested or applied, or attempted to request or to apply, for leave under the Family Medical Leave Act.

**Answer: None; Defendant fired me instead of informing me of my right to leave and never gave me any information.**

17.     All documents showing you allegedly completed, or attempted to complete, an application for leave under the Family Medical Leave Act.

**Answer:** *See* **Response to No. 16, above.**

18.     All documents that support, refer, relate, or constitute any Healthcare Provider Certification you completed as part of your application or request, or attempted application or request, for leave under the Family Medical Leave Act.

**Answer:** *See* **Response to No. 16, above.**

19.     All documents that support, refer, relate, or constitute any document(s) you received from Defendant denying your application or request for leave under the Family Medical Leave Act.

**Answer:** *See* **Response to No. 16, above.**

20.     All documents that mention, discuss, describe, relate to, or refer to your allegation that Defendant retaliated against you for engaging in a protected activity under

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

the Family and Medical Leave Act in June 2022.

**Answer: Answer:** *See* **Response to No. 16, above. I do not believe that the Defendant would confess to retaliating against me in a document.**

21.    All documents that mention, discuss, describe, relate to, or refer to your allegation that Defendant interfered with any rights to leave under the Family and Medical Leave Act in June 2022.

**Answer: Please refer to the documents that Defendant generated after I informed the Defendant of my injuries and need for medical care and treatment, which are in possession, custody, and/or control of the Defendant and/or its agents, insurers, adjusters, and/or attorneys.**

22.    All documents that support, refer, or relate to your allegations that you were an "eligible employee" and entitled to leave under the Family and Medical Leave Act in June 2022.

**Answer:** *See* **Response to Request No. 22.**

23.    All documents which mention, discuss, describe, relate to, or refer to the allegation that Plaintiff has been exposed to mental anguish, emotional distress, reputational harm, and economic loss as alleged in the Amended Complaint.
**Answer: Plaintiff objects to this Request as overly broad and not sufficiently limited in time or scope. Without waiver of objections,  see attached.**

24.    All documents which Plaintiff intends to use in the prosecution of his claims against Defendant in this litigation.

**Answer: Plaintiff objects to this Request as seeking to invade the mental impressions of counsel and therefore seeks the production of work product and/or attorney-client materials. Without waiver of objections, and other than the attached, undetermined at this time.**

25.    All documents which mention, discuss, describe, relate to, or refer to document(s) not previously requested which mentions, discusses,

6

describes, relates to, refers to, or embodies in any way Plaintiff's claims

asserted in the Amended Complaint.

**Answer: Plaintiff objects to this Request as so overly broad and not sufficiently limited in time or scope that it potentially seeks the production of attorney-client and/or work product privileged materials. Without waiver of objections, see attached.**

26.    All documents which relate and/or support Plaintiff's claims for damages.

**Answer: Plaintiff objects to this Request as seeking to invade the mental impressions of counsel and therefore seeks the production of work product and/or attorney-client materials. The Request also is overly broad and not sufficiently limited in scope. Without waiver of objections, and other than the attached, undetermined at this time.**

27.    All communications between you and any current or former employees

of Defendant that relate to either interference or retaliation with FMLA

rights as alleged in this Action.

**Answer:** *See* **Response to Reqeust No. 4, above.**

28.    Copies of all statements (written, recorded, sworn or otherwise), provided

by you to anyone, or to you from anyone, relating to the subject matter

of this Action.

**Answer: None other than the documents produced herewith.**

29.    Any report or other documents provided to you by a private investigator

that relate or refer to the above-styled matter.

**Answer: None.**

30.    All documents which relate or refer to any arrest and/or plea and/or

7

conviction of and/or by Plaintiff for any criminal offense.

**Answer: None.**

31.     All written reports (including drafts) prepared by the experts identified in your response to Defendant's Interrogatories, as well as all exhibits and other documents required to be attached thereto pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**Answer: None.**

32.     All documents (including drafts) created, reviewed, examined, or relied upon by the experts identified in your response to Defendant's Interrogatories.

**Answer: None.**

33.     All documents evidencing the agreement between you and your lawyer for payment

of your lawyer's fees, costs and disbursements in connection with this Action.

**Answer: Plaintiff objects to this Request as violative of the attorney-client privilege and not proportional to the needs of this case nor relevant to any issue to be determined at this time; upon prevailing in this action, Plaintiff will disclose the terms of his fee agreement with his counsel to the extent necessary to obtain an award of attorneys' fees and costs. Plaintiff entered into a written fee agreement with his counsel prior to the commencement of this litigation.**

34.     Executed HIPAA releases for each health care practitioner, including, but not limited to, physicians, surgeons, dentists, nurses, chiropractors, therapists, clinics, hospitals, hospices, pharmacies, laboratories or any

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

other health care provider of any kind identified for you or your wife in

response to Defendants' First Set of Interrogatories to Plaintiff.

Physicians Health Center Occupational Medical Specialist.
Baptist Health Orthopedics
Physical Therapy visit records

**Answer: Plaintiff objects to this Request as harassing and not proportional to the needs of this case. The Defendant and/or its agents already have the records identified above due to their having been generated in connection with the pending claim for workers' compensation benefits.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this

7<u>th</u> day of November 2023 on Rocio Blaco Garcia, Esq., Littler Mendelson, P.C, as Counsel for

Respondents, Sunbelt Rentals, Inc.., 333 SW 2<u>nd</u> Avenue, Suite 2700 Miami, FL 33131,

rblancogarcia@littler.com , rforrest@littler.com.

Respectfully submitted,

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave.
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

9

## AUTHORIZATION TO USE AND/OR DISCLOSE PRIVATE PATIENT HEALTH INFORMATION
### *HIPAA – COMPLIANT*

**I HEREBY AUTHORIZE:**                        **TO DISCLOSE TO:**
**EDGARDO DEARRIBA, APRN, RN**                  **RYAN FORREST, ESQ**
**CANO HEALTH**                                 **LITTLER MENDELSON, P.C.**
**363 S. HOMESTEAD BLVD.,**                     **333 SE 2ND AVENUE,**
**HOMESTEAD, FL 33030**                         **SUITE 2700**
                                                **MIAMI, FLORIDA  33131**

RECORDS AND INFORMATION PERTAINING TO:

| Patient Name: Manuel Jesus Alonso |
| --- |
| DOB:▊▊▊▊1959 |
| SS#:▊▊▊▊8269 |

Pursuant to Health Insurance Portability and Accountability Act, Florida Mental Health Act (Fla. Stat. § 394.4615), and the Florida Alcohol and Other Drug Service Act (Fla. Stat. § 397.501), my signature below authorizes and releases my protected health care records, including all medical, psychological, psychiatric, and/or prescription records from June 1, 2022 to present to Ryan Forrest, Esq. of the law firm of Littler Mendelson, P.C., or any other duly authorized representative of his firm who represents Defendant, Sunbelt Rentals, Inc., in the matter brought against them in the United States District Court for the Southern District of Florida, Case No.: 23-CV-22629-RAR. Mr. Forrest and other authorized representatives of his firm may review the information provided by **Edgardo Dearriba, APRN, RN** concerning my medical, psychological, psychiatric, and/or prescription records and related issues, as duly authorized representatives of Defendant, in connection with Case No.: 23-CV-22629-RAR, but no later than 180 days from the date of my signature below.  The information provided may be used in any lawful manner in connection with Case No.: 23-CV-22629-RAR.

This Authorization is also subject to written revocation by the undersigned at any time between now and the disclosure of information by **Edgardo Dearriba, APRN, RN**.  My written revocation will be effective upon receipt, but will not be effective to the extent that the Requestor or others have acted in reliance upon this Authorization.

A copy of this Authorization has been provided to me.

Dated:  _____

_____
                    Manuel Jesus Alonso
4895-0852-6225.1 / 116042-1007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22629-RUIZ

MANUEL JESUS ALONSO,

      Plaintiff,

v.

SUNBELT RENTALS, INC.,

      Defendant.

_____/

## RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff Manuel Jesus Alonso responds to the First Set of Interrogatories served on him by

Defendant Sunbelt Rentals, Inc., as follows:

## INTERROGATORY NO. 1:

Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to the claims alleged in your Amended Complaint[1], and state the nature and substance of the knowledge that you believe each such person(s) has or is believed to have.

    **ANSWER:**

    **Besides myself, the following people are believed to have knowledge relating to my claims:**

    **Nancy Hernandez**
    **1504 E. Mowry DR apt 203 Homestead, FL 33033**
    **Telephone 786-556-2087;**
    **She's retired, and has complete knowledge of the accident that happened and the circumstances surrounding the Defendant's firing of me.**

    **Erick [Last Name Unknown] PC 249;**
    **Front desk customer service and security. He initiated the process with workers comp, took photos of my  accident and my hand, and made the report.**

    **Most of all the employees have knowledge of the accident and the reason why I got fired.**

1

**Kaestner Kerr, Manager employed by Defendant. He is believed to have knowledge about my performance at work and my 2020 performance review that he completed in 2021.**

**Marcos Garcia, employed by Defendant. He is believed to know about the separation notice that I was given on March 23, 2022 after I informed the Defendant about my work-related accident and need to take time off for medical reasons, and the decisions regarding same.**

## INTERROGATORY NO. 2:

Identify each item of damages that Plaintiff claims as a result of the allegations in the Amended Complaint in this action, whether as an affirmative claim or as a setoff, and include in the answer:

     (1)    the dollar amount of damages sought;

     (2)    the nature of each item of damage;

     (3)    the date, time, and place of such damage;

     (4)    the category into which each item of damages falls (*i.e.*, actual damages, compensatory damages, punitive damages) and any other relevant categories;

     (5)    the factual basis for each item of damages;

     (6)    an explanation of how you computed each item of damages, including any mathematical formula used; and

     (7)    identify any documents in support of your damages claims.

## ANSWER:

**I had planned to retire after turning 65, approximately in mid-2024, with my full retirement age being 66 and 10 months.**

**W2 from 2020 $49,907.87 / 50 = $998.16**
**W2 from 2021 $55,738.95 / 50 = $1,114.78**
**W2 from 2022 $31,356.36 / 50 = $627.13**

**Based on my earnings in 2021, and what I would have made in 2022 and 2023, I approximate that I lost as follows:**

|   |   |   |
|---|---|---|
|   | **$60,000** | **Projected earnings 2022** |
| − | **$22,31,356.36)** | **Actual earnings 2022** |
|   | **$28,643.64** | **Lost wages for 2022** |

**Estimated loss for 2023:  $62,500.00 in lost wages**
**Estimated loss for 2024:  $16,250.00 in lost wages**

1) **Loss of my employer's health insurance payments benefit (Compensatory Damage): Estimated at $700/month x 31 months = $21,700**

2) **I also seek liquidated damages in an amount equal to my economic damages ($28,643.64 + $62,500 + $16,250 + $21,700= $129,093.64).**

3) **The documents with which I support my claims are the following:**
   **1- W2 2021**
   **2- W2 2022**
   **3- W2 2023**
   **4- Paychecks issued to me**
   **5- Insurance documents**
   **6- Collection letter on medical and dental insurance.**
   **7- The last regular check is June 2022.**
   **8- Dismissal letter.**

## INTERROGATORY NO. 3:

Please identify the name, address and occupation of each person or entity who has performed any study or analysis relating to the damages sought by you in the Amended Complaint in this Action, and for each such person or entity, state whether a report or written opinion has been prepared, and the date of such report or opinion.

**ANSWER:**

**No one other than my attorneys.**

## INTERROGATORY NO. 4:

Please complete the below chart identifying all oral or written statements (including but not limited to affidavits, narrative statements, reports, text messages, e-mails or other documents or correspondence), whether or not made by agents or employees of the Defendant in this action, that you believe support any aspect of your claim in this action or your allegations contained in the Amended Complaint.

**ANSWER:**

| DATE OF STATEMENT | WRITTEN OR ORAL | WHO MADE STATEMENT | TO WHOM WAS THE STATEMENT WAS MADE AND/OR COPIED | SUBSTANCE OF STATEMENT |
|---|---|---|---|---|
| 6/23/2022 | Oral and Written | Manager PC 249:Macos Garcia Affirmer witness. Service Manager PC 249: Kaestner | Employee: Manuel Jesus Alonso | It is contained in the dismissal letter. Note: we don't work on weekends and June 4 an 5 land on Saturday and |

| | | Kerr | | Sunday. |
|---|---|---|---|---|
| Approximately a week before the dismissal | Oral and via phone call | Jose Avila asked t questions. Witnesses: District managers Mr. Dwayne J' from HR Translator:Manag r Marcos Garcia | Employee: Manuel Jesus Alonso | I was given details of th accident where the vide of the event was analyzed, which was recorded by the camera At the beginning of the interrogation, Jose Avila assured me that this was just a routine procedure and that I did not need worry. |

**INTERROGATORY NO. 5:**

With regard to any effort by you to obtain employment from June 26, 2023 to the present, please identify each employer or potential employer, the dates you applied for employment with each potential employer (or estimated dates if exact dates are unknown), the dates of your interviews for employment, if any, identify each person who interviewed you for employment, the position for which you applied, the position and pay rate offered to you, if any, whether you accepted the employment position and, if not, why you did not accept the position.

> **ANSWER:**
>
> **Walmart #3183 and 2727: I have applied for employment online and have followed up personally from April to date, applying for different positions: stocker, online order fulfillment, meat and vegetables, cart manager, car service center technician or an employee of the same. I renew my request monthly, the salary rates are $13 to $15 dollars hourly. I have personally followed up in 3183 with the head of Human Resources, Maria Jose, and the manager, Randy. In 2727, with a neighbor who works at the center.**
>
> **Winn Dixie and Fresco and More: I applied online in the month of May and was interviewed by the manager of the Fresco and More of Naranja Homestead in the month of June for any position. I was not called to date.**
>
> **Autozone: I applied on March 20 and am keeping the application open for the position of home delivery driver. I don't know the salary. I personally contacted the manager on several occasions.**
>
> **Chevron Gas station (Princeton Homestead): On July 10, 2023, I personally applied with the manager Maria for a stocker or cashier and asked for a salary of $12 to $13 dollars hourly.**
>
> **Brooks Tropicals (Former Employer) I personally applied to be a mechanic or cardboard box making machinery operator. They told me they would call me if they had a vacancy.**
>
> **Florida Coast Equipment. I have personally gone to see the possibility of employment on several occasions for any position with no results.**
>
> **At this time and beginning the month of August I have taken advantage of the retirement benefit .**

**INTERROGATORY NO. 6:**

Please identify each person whom you may use as an expert witness at trial, or with whom you have consulted, and identify the substance of the opinions provided or to be provided by each such expert.

**ANSWER:**

**Undetermined at this time.**

**INTERROGATORY NO. 7:**

Please identify and list all counselors, physicians, doctors, surgeons, therapists, health care providers, clinics, medical facilities, inpatient or outpatient centers, hospitals, clinics or physical therapy centers by whom or at which you have been examined or treated for the alleged or serious health condition(s) you claim occurred while working for Defendant which gave rise to your FMLA retaliation and interference claims and state as to each such provider: the inclusive dates of examination or treatment, and the condition(s) for which you were examined or treated.

**ANSWER:**

**Evelin Montero, MD Specialist in occupational medicine, dates of care: 6/13/22, 6/20/22, 6/29/22, 7/13/22, 7/27/22. Condition: Bruise on the right hand, unable to flex the third finger. 1448 N. Krome Ave Suite 101 Florida City, FL 33034.**

**Vital Imaging Medical Diagnostic Center, I was seen on 6/23/22, MRI of the right hand.**

**Roy Cardoso, Orthopedic surgeon, I was treated 8/15/22, 9/12/22, 10/3/22, 11/14/22, 12/16/22, 1/13/23, 3/13/23 Condition: unable to flex the third finger of the right hand without being able to make a fist. Injections were given into the tendon.**

**Baptist Health Medical Group BHMG Orthopedics DH MAB 1 1150 Campo Sano Ave, 1ˢᵗ Floor Coral Gables, FL 33146.**

**Libre Physical Therapy 311 NE 8 St Suite 104 Homestead, FL 33030, therapist Brenda Kent, Service Dates: July 6,7,8,11,12,13, 2022. August 23,24,26,29,31, 2022. September 2,6,7,9,14,15 of 2022, October 10, 11, 14, 17, 19, 21, 24, 25, 28,31, 2022. November 2, 4, 7, 9, 11, 21, 28, 30, 2022. December 2, 5, 7, 9, 12, 14, 19, 20, 22, 29, 2022. January 3, 4, 6, 9,11, 12,23, 25, 27, 30, 2023. February 1, 2023. Therapy for inability to completely flex the middle finger of the right hand due to sprain, the treatment is proposed to make a complete fist through physiotherapy.**

**INTERROGATORY NO. 8:**

Please identify and list all counselors, physicians, doctors, surgeons, therapists, health care providers, clinics, medical facilities, inpatient or outpatient centers, hospitals, clinics or physical therapy centers by whom or at which your wife has been examined or treated for the alleged serious health condition(s) you claim occurred while working for Defendant which gave rise to

your FMLA interference claim and state as to each such provider: the inclusive dates of examination or treatment, and the condition(s) for which your wife was examined or treated.

**ANSWER:**

**Please see my response to Interrogatory No. 7, above.**

**INTERROGATORY NO. 9:**

Please identify all medications (prescription and non-prescription) and drugs that you have taken for the period commencing (five years ago) to the present, including, but not limited to, the reasons for taking the medication and, if prescribed, the name and address, telephone number and occupation of the person prescribing it.

**ANSWER:**

**Plaintiff objects to this request as overly broad, not sufficiently limited in time or scope, seeking information that is not relevant and not proportional to the needs of this case, and that invades his right to medical privacy. Without waiver of objections:**

**Timolol Maleate, optical drops I apply it in both eyes from 2013 to date. Reason for suspicion of glaucoma, prescribed by Dr. Shani Reich, Glaucoma specialist. 8501 SW 124th Ave Suite 109 Miami, FL 33183. Phone 305-271-4544.**

**Lisinopril 5 mg, I take the medication from April 2023 to the current date to control blood pressure. Prescribed by Dr. Edgardo Dearriba, primary doctor 363 S Homestead Blvd, Homestead, FL 33030. Phone 855-552-5355.**

**Tylenol 325 mg and Robaxin 500 mg from 6/13/22 until August 2022 for pain and inflammation of the hand as a result of the accident, prescribed by Dr. Evelin Montero, a specialist in occupational medicine. 1448 N. Krome Ave Florida City, FL 33034. Phone: 305-245-0222.**

## VERIFICATION PAGE

Manuel Jesus Alonso (Nov 7, 2023 15:51 EST)

MANUEL JESUS ALONSO

STATE OF Florida

COUNTY OF Dade

BEFORE ME the undersigned authority, personally appeared

Manuel Jesus Alonso who, being first duly sworn, under oath, deposes and says that the

attached Answers to Defendant's First Set of Interrogatories to Plaintiff, MANUEL JESUS

ALONSO, are true and correct to the best of his knowledge, and belief and that he has read the

Answers and knows the contents thereof.  He is personally known to me or has produced

Driver License (type of identification) as identification.

NOTARY PUBLIC, STATE OF Florida

(Print, Type or Stamp Commissioned Name of Notary
Public)

STEFFANY SANGUINO
Notary Public-State of Florida
Commission # HH 196413
My Commission Expires
November 08, 2025

8

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by email on this

<u>7th</u> day of November 2023 on Rocio Blaco Garcia, Esq., Littler Mendelson, P.C, as Counsel for

Respondents, Sunbelt Rentals, Inc.., 333 SW 2nd Avenue, Suite 2700 Miami, FL 33131,

rblancogarcia@littler.com , rforrest@littler.com.


<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Claimant*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*